UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| FELIPE SANTANA, a.k.a. "Omar Soto" | : | June 8, 2006 |

## GOVERNMENT'S POST-*BOOKER* MEMORANDUM

Defendant Felipe Santana, a.k.a. "Omar Soto" was convicted on November 30, 2001 of Count Twelve of the Third Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute 100 grams or more of Heroin, in violation of 21 U.S.C. §§ 841 and 846.[1] On April 19, 2002, the United States Probation Office published the PSR which calculated the defendant's imprisonment range as follows:

| | |
|---|---|
| 2D1.1(c)(4)(¶ 34) | 32 |
| Role Adjustment 3B1.1 (¶ 36) | +3 |
| Acceptance of Responsibility 3E1.1 (¶ 32) | 0 |
| Total Offense Level | 35 |

The PSR determined that the defendant had 10 criminal history points, resulting in a Criminal History Category V (¶ 47). The intersection of Offense Level 35, and Criminal History Category V yielded an imprisonment range of 262 to 327 months.

---

[1] The indictment charged him with conspiring to possess with intent to distribute 1,000 grams or more of heroin. The jury, however, found the defendant guilty of the lesser included offense of conspiracy to possess with intent to distribute 100 grams or more of heroin.

At the time of sentencing the district court granted the defendant a 4-level downward departure pursuant to *United States v. Concepcion*, 983 F2d 389 (2d Cir. 1992), and Guidelines Section 5K2.0, based upon the fact that the jury had acquitted the defendant of the more serious offense of Conspiracy to Possess with Intent to Distribute 1 kilogram or more of heroin.  Tr. 63, 72.  The sentencing court, therefore, settled upon a base offense level of 28, "not because I think there is better evidence that that's the correct range but because that's the extent of a downward departure that I think is appropriate under all of the circumstances of this case," Tr. 72-3, and sentenced the defendant to 180 months imprisonment.

On June 8, 2005, the Court of Appeals for the Second Circuit entered its Mandate directing this Court to determine pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), whether it would have imposed a non-trivially different sentence if the Guidelines had been purely advisory.

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court rendered the Guidelines purely advisory and on the same level as the factors traditionally taken into consideration by sentencing courts as codified in Title 18, United States Code, Section 3553(a). Section 3553 enumerates those factors which a sentencing court must consider when imposing sentence:

> (a) Factors to be considered in impoising a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forthin paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2

  (2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendnat; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the kinds of sentence and the [appliable Guidelines sentencing range]

        \* \* \*

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

18 U.S.C. § 3553.

  Althought the district court did not specifically refer to 18 U.S.C. § 3553 at the time of sentencing, it stated that its sentence was fashioned to address those factors which are set forth in Section 3553. For example, the district court stated that its sentence would reflect the need for punishment ("So there is a need for you to be punished for that.") Tr. 73, to serve as specific and general deterrence ("There is also a need for you to be deterred ever again from breaking the law in the way that you did and there is a need to deter other people from breaking the law the way you did.") Tr. 73-4, and the need for rehabilitation ("The sentence should act to help a defendant rehabilitate himself, to improve himself and I hope that you take advantage of every opportunity

to do that while you're in prison because I think this is you last chance.") Tr. 74. The sentence of the court also reflected the history and characteristics of the defendant ("It is my hope that that sentence will give you the opportunity to deal with your drug habit.") Tr. 74, and the extent of the defendant's criminal history ("That's why you have a criminal history category five, because you have a serious criminal background.") Tr. 73, as well as the nature, circumstances, and seriousness of the offense ("You, you were involved even for a relatively short period of time with a very bad group of people who were doing very bad things.") Tr. 73.

It is apparent from the government's reading of the transcript that the sentencing court took into consideration those factors set forth in 18 U.S.C. § 3553. Further, the district court afforded the defendant considerable consideration at the time of sentencing in the form of a downward departure pursuant to Section 5K2.0. Based upon that downward departure, the Court appeared carefully to reach the term of imprisonment which it ultimately imposed. "I think a level 28, adding three levels up to a 31 is about right and that sets a guidelines sentencing range of 168 to 210 months." Tr. 73. Based upon the foregoing reasons and the imprisonment range which the court determined was "about right," it imposed a sentence of 180 months, the middle of the chosen range. Tr. 75.

In the government's view, therefore, the district court has already imposed a sentence which – while imposed under the mandatory Guidelines regime – nevertheless reflected the concerns of the sentencing court that its sentence should be carefully tailored to the defendant's particular circumstances. Thus, the government is opposed to the court's proceeding with a *Crosby* resentencing, and respectfully urges the court to adhere to the sentence originally imposed.

The district court, however, is in the unique position to determine whether it would have imposed a different sentence if the Guidelines had been purely advisory. The undersigned are available at the convenience of the court for further argument on the defendant's motion. If the district court wishes to proceed with the presence of the defendant, the undersigned require notice of approximately 2 to 3 weeks to secure the defendant's appearance as required.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        ALEX V. HERNANDEZ
        SUPERVISORY ASSISTANT U.S. ATTORNEY
        FEDERAL BAR NO. CT08345
        915 LAFAYETTE BLVD. ROOM 309
        BRIDGEPORT, CT 06604
        (203) 696-3000
        Fed. Bar Number: CT08345


        ALINA P. REYNOLDS
        ASSISTANT UNITED STATES ATTORNEY


## CERTIFICATE OF SERVICE

This is to certify that on June 8, 2006, a copy of the foregoing was mailed, postage prepaid, to the defendant's attorney of record: Carlos E. Candal, Esq., LLC, 205 Church Street, New Haven, CT 06510.

        Alex V. Hernandez