# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                    NO. 3:00cr227 (SRU)

FELIPE SANTANA

## RULING AND ORDER REGARDING REQUEST FOR RESENTENCING

Felipe Santana was found guilty by jury verdict of a charge of conspiring to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  On October 7, 2002, I sentenced Santana principally to 180 months' imprisonment.  The term of imprisonment reflected a downward departure from the Sentencing Guideline range of 262 to 327 months.  Santana appealed his conviction and sentence.  On April 6, 2005, the United States Court of Appeals for the Second Circuit remanded the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I ordered supplemental briefing on the *Crosby* question.  I have reviewed the parties' briefing, the Presentence Report, and the transcript of the sentencing hearing on October 7, 2002.  Based upon that review, I have decided that I would not have sentenced Santana to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts.  First, at the initial sentencing, I was able to depart from the Sentencing Guidelines incarceration range.  This meant that the mandatory nature of the Sentencing Guidelines did not prevent me from imposing the sentence of incarceration that I believed was appropriate, taking into account all of the information I had

available to me about Santana.  Second, having decided to depart, I weighed the factors set forth

in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed.  Thus, I considered the nature

and circumstances of the offense, the characteristics of the defendant, the purposes of sentencing,

and the Sentencing Guideline range.  *See* Sentencing Tr. at 16, 60-64, 72-75 (Oct. 7, 2002).  The

facts I relied upon at the initial sentencing remain pertinent under an advisory Sentencing

Guidelines scheme: Santana's extensive criminal history, the activities of the conspirators, the

quantity of drugs attributable to Santana, and Santana's history of drug use.  *Id.* at 72-74.  At the

same time, I was able to consider mitigating factors that together formed the basis for the

downward departure.  *Id.* at 72-73.  These are the same facts that would have led me to impose a

sentence not trivially different than 180 months' imprisonment had I been able to sentence

Santana under an advisory Sentencing Guideline scheme in October 2002.

    The request for resentencing (doc. # 1467) is denied.

    It is so ordered.

    Dated at Bridgeport, Connecticut this 13th day of December 2006.


              /s/ Stefan R. Underhill
              Stefan R. Underhill
              United States District Judge